# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WIRED INFORMATICS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>OMNIMD, INC.,<br><br>    Defendant. | (Massachusetts Superior Court,<br>Suffolk County, 2018-CV-3602E) |

## NOTICE OF REMOVAL

Under Title 28 U.S.C. §§ 1332, 1446, and Local Rule of Civil Procedure 81.1 of the United States District Court for the District of Massachusetts, Defendant, OmniMD, Inc. ("OmniMD"), gives Notice of Removal of the case identified as *Wired Informatics, LLC v. OmniMD, Inc.,* Docket No. 2018-CV-3602E, from the Suffolk Superior Court of Massachusetts to the United States District Court for the District of Massachusetts.

To support this Notice of Removal, OmniMD states:

## PROCEEDINGS IN STATE COURT

1. On or about November 19, 2018, Plaintiff filed a complaint ("Complaint"), in the Suffolk Superior Court of Massachusetts styled *Wired Informatics, LLC v. OmniMD, Inc.,* Docket No. 2018-CV-3602E. A copy of the Complaint is attached as Exhibit A.[1]

2. The Complaint was served on December 6, 2018. A copy of the service of process is attached as Exhibit B.

---

[1] OmniMD reserves its rights to challenge process and service of process.

3. In the Complaint, Plaintiff seeks damages for an alleged breach of contract between the Parties. Plaintiff also seeks damages for breach of the covenant of good faith and fair dealing and violation of G.L. 93A, sec. 11.

4. On or about December 21, 2018, the Parties agreed to extend the response date to January 25, 2019. A copy of this motion is attached as Exhibit C.

## TIMELINESS OF REMOVAL

5. This Notice of Removal is timely because it is filed within thirty (30) days of the purported service on OmniMD. 28 U.S.C. § 1446(b).

## JURISDICTION

6. Diversity jurisdiction is satisfied under 28 U.S.C. § 1332. The $75,000 amount in controversy requirement is met because the Civil Action Cover Sheet requests damages in the amount of (more than) $113,000.00. See Exhibit A.

7. OmniMD denies that Plaintiff is entitled to anything by the Complaint. But the amount in controversy is dictated by Plaintiff's claims, not by their merit or lack of merit. 28 U.S.C. § 1332(a); *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009) (recognizing that "the plaintiff[s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is the controversy in the case, not how much the plaintiff[] [is] ultimately likely to recover").

8. The complete diversity requirement is satisfied. Plaintiff is a Massachusetts limited liability company (Complaint at ¶ 1), and OmniMD is a Delaware corporation with its office in New York (*Id.* at ¶ 2).

9. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

## SERVICE OF NOTICE OF REMOVAL

10. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Suffolk Superior Court of the Commonwealth of Massachusetts.

11. In compliance with 28 U.S.C. § 1446(a), copies of all "process, pleadings, and orders served" upon OmniMD in the action are attached as <u>Exhibits A, B, C</u>.  A copy of the state court notice to be filed (without exhibits) under 28 U.S.C. § 1446(d) is attached as <u>Exhibit D</u>.

**WHEREFORE**, the Defendant, OmniMD, Inc. effects the removal of the case and requests this Court maintains jurisdiction over it as provided by law.

> Respectfully submitted,
> OMNIMD, INC,
> By its attorney,
>
> */s/ Jeremy R. Bombard*
> Jeremy R. Bombard, #669802
> jbombard@bombardlaw.com
> BOMBARD LAW OFFICE, PC
> 945 Concord Street
> Framingham, MA 01701
> 508-620-5309
> Dated:  January 3, 2019

## CERTIFICATE OF SERVICE

I certify that on January 3, 2019, a copy of the preceding was served by first class mail, postage prepaid, and email, as follows:

> Jonathan Lent
> Lent Law, LLC
> 375 Totten Pond Road, Suite 102
> Waltham, MA 02451
>
> */s/ Jeremy R. Bombard*
> Jeremy R. Bombard