UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WIRED INFORMATICS, LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 19-cv-10019-ADB |
| OMNIMD, INC., | * |
| | * |
| Defendant. | * |
| | * |
| | * |

**MEMORANDUM AND ORDER DENYING
WIRED'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

BURROUGHS, D.J.

Plaintiff Wired Informatics, LLC ("Wired") brings this action against its former client, Defendant OmniMD, Inc. ("OmniMD"), alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair and deceptive business practices in violation of Massachusetts General Laws ch. 93A.  [ECF No. 1-1 at 3–9 ("Compl.")].  Currently before the Court is Wired's motion for partial summary judgment on its breach of contract and breach of the implied covenant claims.  [ECF No. 22].  For the reasons set forth below, Wired's motion is DENIED.

I.      BACKGROUND

A.      Local Rule 56.1

As part of its memorandum in support of its motion for partial summary judgment, Wired included a "Concise Statement of Material Facts," which included numbered paragraphs and cited to two exhibits.  [ECF No. 23 at 2–4].  In its opposition brief, OmniMD did not directly respond to Wired's statement of facts and instead included its own statement of facts and

generally cited to the affidavit of Dr. Nayan Mali, the product manager at OmniMD.  [ECF No. 26 at 2–5; ECF No. 26-1 (affidavit)].

Local Rule 56.1 requires that "[a] party opposing [a] motion [for summary judgment] shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation."  L.R. 56.1.  "Local Rule 56.1 was adopted to expedite the process of determining which facts are genuinely in dispute, so that the court may turn quickly to the usually more difficult task of determining whether the disputed issues are material."  Brown v. Armstrong, 957 F. Supp. 1293, 1297 (D. Mass. 1997), aff'd, 129 F.3d 1252 (1st Cir. 1997).

"Where a party opposing a motion for summary judgment fails to comply with Local Rule 56.1, the court has the discretion to decide whether to impose the sanction of deeming the moving party's factual assertions to be admitted."  Butters v. Wells Fargo Advisors, LLC, No. 10-cv-10072, 2012 WL 5959986, at *2 (D. Mass. Nov. 27, 2012) (citing Swallow v. Fetzer Vineyards, 46 F. App'x 636, 638–39 (1st Cir. 2002)); see also Summers v. City of Fitchburg, 940 F.3d 133, 138 (1st Cir. 2019) ("Here, the [non-moving party] flouted Local Rule 56.1 and allowed the [the moving party] to map the boundaries of the summary judgment record.  Such actions have consequences, and the district court deemed the [moving party's] statement of undisputed material facts admitted.  Given the clarity of Local Rule 56.1 and the important function that it serves, the district court was fully justified in limiting the summary judgment record to the four corners of the [moving party's] statement of undisputed material facts." (first citing United States v. McNicol, 829 F.3d 77, 80–81 (1st Cir. 2016); then citing Schiffmann v. United States, 811 F.3d 519, 524–25 (1st Cir. 2016))).

OmniMD failed to comply with Local Rule 56.1 when it filed an opposition to Wired's motion for partial summary judgment, [ECF No. 26], but did not file a counterstatement of material facts in accordance with Local Rule 56.1 or otherwise assist the Court in determining which facts are genuinely in dispute.  Consequently, the portions of Wired's statement of undisputed material facts that are not specifically controverted with support in the record are deemed admitted.

### B.    Factual Background

Unless otherwise noted, the following facts are undisputed.[1]

In September 2017, the parties entered into a Master Software License and Services Agreement ("MSL").  [ECF No. 23 at 2 ¶ 1; ECF No. 26-1 ¶ 5; ECF No. 23-2 (copy of the MSL)].  Pursuant to Section 23(g) of the MSL, its "construction, interpretation and performance" is governed by New York law.  [ECF No. 23-2 at 18].

Through the MSL, the customer, OmniMD, would be able to purchase licenses for Wired's programs or services.  [ECF No. 23-2 at 4].  The MSL provides that "[OmniMD] shall purchase licenses for Programs (and included Technical Support) by entering into an Ordering Document."  [ECF No. 23 at 2 ¶ 2; ECF No. 23-2 at 4].  Section 4 of the MSL explains that "upon execution of an Ordering Document, [Wired] hereby grants to [OmniMD] with regard to the Programs and quantity of licenses referenced on such Ordering Document, a non-exclusive, non-transferable, worldwide, fully paid up, limited license. . . ."  [ECF No. 23-2 at 4].  Section 9(c) of the MSL is a "Limitations" provision that states

> **EXCEPT AS EXPRESSLY STATED HEREIN, [WIRED] DOES NOT GUARANTEE THAT THE PROGRAMS WILL PERFORM ERROR-FREE OR UNINTERRUPTED OR THAT [WIRED] CAN CORRECT EACH AND**

---

[1] The Court draws the facts from Wired's statement of material facts, [ECF No. 23 at 2–4], OmniMD's statement of material facts, [ECF No. 26 at 2–5], and the documents cited therein.

**EVERY ERROR.  THE WARRANTIES IN THIS SECTION 9 ARE GIVEN IN LIEU OF ALL OTHER WARRANTIES AND CONDITIONS.  THERE ARE NO OTHER EXPRESS OR IMPLIED WARRANTIES OR CONDITIONS, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**

[ECF No. 23-2 at 12].  The MSL does not provide for any termination rights by OmniMD.  [ECF No. 23 at 3 ¶ 6].  The MSL also required Wired to provide OmniMD with technical support, which OmniMD asserts required Wired to assist with adapting, training, and implementing its programs for use in OmniMD's software.  [ECF No. 26-1 ¶ 7; ECF No. 23-2 at 26–28 (MSL's "technical support" addendum)].

In March 2018, OmniMD and Wired entered into an Ordering Document related to Wired's Invenio Program.  [ECF No. 23 at 4 ¶¶ 8–9; ECF No. 23-3 (copy of Ordering Document)].  The Ordering Document expressly incorporated the terms of the MSL, and ultimately provided OmniMD with a license to use the Invenio Program.  [ECF No. 23 at 4 ¶ 10; ECF No. 23-3 at 1].  OmniMD maintains that Wired represented that the Invenio Program "was a working artificial intelligence engine capable of parsing natural language" that could be used within OmniMD's software product with "only minimal fine tuning and testing," and that OmniMD agreed to order the Invenio Program licenses based on those representations.  [ECF No. 26-1 ¶¶ 4, 17–18].  According to OmniMD, the Invenio Program did not work as Wired had claimed it would, even after OmniMD had "numerous communications with Wired" about its problems.  [ECF No. 26-1 ¶ 10].

The Ordering Document set out a payment schedule whereby OmniMD agreed to pay Wired $2,500 per month from October 1, 2017 to June 30, 2018 and $9,000 per month from July 1, 2018 until June 30, 2019, for a total payment of $130,500.  [ECF No. 23-3 at 1; ECF No. 23 at

4 ¶ 11]. OmniMD failed to pay the monthly invoices from June 1, 2018 to July 1, 2019, resulting in a total outstanding payment of $113,000. [ECF No. 23 at 4 ¶ 12].

### C.    Procedural History

Wired filed its three-count complaint on November 19, 2018 in Suffolk Superior Court, asserting (1) breach of contract (Count I), [Compl. ¶¶ 20–25], (2) breach of the implied covenant of good faith and fair dealing (Count II), [id. ¶¶ 26–30], and (3) violation of Chapter 93A (Count III), [id. ¶¶ 31–36]. OmniMD removed the case to this Court on January 3, 2019, [ECF No. 1], and later asserted counterclaims against Wired for fraud, breach of the implied warranty of fitness, breach of the implied warranty of merchantability, and breach of contract. [ECF No. 4 at 10 ¶¶ 23–36]. On July 30, 2019, the Court dismissed OmniMD's counterclaims, but granted it leave to amend its counterclaims for fraud and breach of contract. See [ECF No. 11 at 5, 10]. On August 30, 2019, OmniMD filed its amended counterclaim for breach of contract, [ECF No. 12], which the Court dismissed due in part to OmniMD's failure to identify any specific provision of the MSL breached by Wired. [ECF No. 16 at 5].

Wired filed its motion for partial summary judgment on Counts I and II on March 12, 2021. [ECF No. 22]. OmniMD opposed the motion on April 16, 2021. [ECF No. 26].

## II.    LEGAL STANDARD

Summary judgment is appropriate where the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]n issue is 'genuine' if it 'may reasonably be resolved in favor of either party.'" Robinson v. Cook, 863 F. Supp. 2d 49, 60 (D. Mass. 2012) (alteration in original) (quoting Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008)). "A fact is material if its resolution might affect the outcome of the case under the controlling law." Cochran v.

Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2003) (citation omitted).  Thus, "[a] genuine issue exists as to such a fact if there is evidence from which a reasonable trier could decide the fact either way."  Id. (citation omitted).  By invoking summary judgment, "the moving party in effect declares that the evidence is insufficient to support the nonmoving party's case."  United States v. Plat 20, Lot 17, Great Harbor Neck, New Shoreham, R.I., 960 F.2d 200, 204 (1st Cir. 1992) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

"To succeed in showing that there is no genuine dispute of material fact," the moving party must "'affirmatively produce evidence that negates an essential element of the non-moving party's claim,' or, using 'evidentiary materials already on file . . . demonstrate that the non-moving party will be unable to carry its burden of persuasion at trial.'"  Ocasio-Hernández v. Fortuño-Burset, 777 F.3d 1, 4–5 (1st Cir. 2015) (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).  Conversely, "[t]o defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the nonmoving party."  ATC Realty, LLC v. Town of Kingston, N.H., 303 F.3d 91, 94 (1st Cir. 2002) (internal quotation marks and citation omitted).  That is, the nonmoving party must set forth specific, material evidence showing that there is "a genuine disagreement as to some material fact."  Plat 20, Lot 17, Great Harbor Neck, 960 F.2d at 204 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986)).

In reviewing the record, the Court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor."  Cochran, 328 F.3d at 6 (citation omitted).  The First Circuit has noted that this review "is favorable to the nonmoving party, but it does not give him a free pass to trial."  Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011).  "The factual conflicts upon which he relies must be both

genuine and material[,]" <u>Gomez v. Stop & Shop Supermarket Co.</u>, 670 F.3d 395, 397 (1st Cir. 2012), and the Court may discount "conclusory allegations, improbable inferences, and unsupported speculation." <u>Cochran</u>, 328 F.3d at 6 (quoting <u>Medina-Munoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990)).

## III.   DISCUSSION

### A.   Count I: Breach of Contract

Under New York law, "the elements of a breach of contract claim are a contract, the plaintiff's performance under the contract, the defendant's breach, and damages resulting from the breach." <u>Sunoco, Inc. (R & M) v. 175-33 Horace Harding Realty Corp.</u>, 969 F. Supp. 2d 297, 305 (E.D.N.Y. 2013), <u>aff'd sub nom.</u> <u>Sunoco, Inc. (R&M) v. 175-33 Horace Harding Realty Corp.</u>, 697 F. App'x 38 (2d Cir. 2017) (citing <u>Elisa Dreier Reporting Corp. v. Global Naps Networks, Inc.</u>, 921 N.Y.S.2d 329, 333 (N.Y. App. Div. 2011)).[2]

Wired asserts that there is no dispute that: (1) there was a contract between the parties, (2) Wired performed under the contract, (3) OmniMD breached the MSL when it failed to pay the license fees, and (4) Wired suffered damages as a result. [ECF No. 23 at 6]. OmniMD counters that Wired cannot prove the elements of the claim because the Invenio Program did not

---

[2] The MSL contains a choice of law provision, [ECF No. 23-2 at 18], which neither party has argued is invalid or inapplicable here. Relying on the choice of law provision, the Court previously found that New York law governed the MSL. [ECF No. 11 at 6 n.3; ECF No. 16 at 4–5]. Despite this, OmniMD continues to apply Massachusetts law to the claims and offers no explanation for this course of action. [ECF No. 26 at 9]. Absent any convincing reason to deviate from its prior finding on this issue, the Court will apply New York law here.

work and Wired failed to provide sufficient technical support and resources to remedy the problem.[3]  [ECF No. 26 at 9–10].

Here, genuine issues of material fact exist regarding the MSL and Wired's required performance.  Wired appears to assert that its only obligation under the MSL was to provide the Invenio Program license, [ECF No. 23 at 6], but OmniMD counters that Wired failed to provide the required technical support when the product did not work as Wired had allegedly represented, [ECF No. 26 at 10].  Although OmniMD does not dispute that the license was provided and fails to point to a specific provision of the MSL where Wired represented that the Invenio Program would work in a certain way,[4] it is also clear that the MSL does contain a technical support provision, which is laid out in a separate addendum to the contract.  [ECF No. 23-2 at 26].  Neither party has provided sufficient evidence to allow the Court to interpret Wired's obligations beyond providing a license, and Wired, as the moving party, has not put forth any evidence to demonstrate that those additional obligations, whatever they may be, were satisfied.  Thus, without an adequate understanding of the scope of the technical support that should have been provided and what support was actually provided, the Court cannot determine whether Wired performed as required under the MSL.  Therefore, because there exists a genuine

---

[3] Although neither party addresses the issue of whether the MSL is a contract for goods or services, which the Court raised in its orders on the motions to dismiss, [ECF No. 11 at 9–10; ECF No. 16 at 4], both parties proceed as though it is a contract for services governed by common law rather than for goods governed by the Uniform Commercial Code.  For the purposes of this Order, the Court assumes without deciding that the MSL is a services contract.

[4] In fact, and as noted in the Court's motion to dismiss orders, the MSL explicitly disclaims that the program would "perform error-free or uninterrupted."  [ECF No. 16 at 6].  Further, to the extent that OmniMD is attempting to argue that Wired is itself liable for breach of contract, [ECF No. 26 at 6–8], the Court has already twice dismissed OmniMD's attempts to assert that counterclaim, [ECF Nos. 11, 16], and OmniMD has offered no basis for the Court to reconsider those rulings.

issue of material fact as to Wired's performance, its motion for summary judgment on Count I is
<u>DENIED</u>.

**B.      Count II: Breach of the Implied Covenant of Good Faith and Fair Dealing**

Wired also argues that there is no dispute that OmniMD breached the covenant of good
faith and fair dealing.  [ECF No. 23 at 7].  New York law implies a covenant of good faith and
fair dealing in all contracts.  <u>Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.</u>, 769 F.3d 807, 817 (2d Cir.
2014).  "Specifically, implied in every contract is a promise that 'neither party shall do anything
which will have the effect of destroying or injuring the right of the other party to receive the
fruits of the contract.'"  <u>19 Recordings Ltd. v. Sony Music Ent.</u>, 165 F. Supp. 3d 156, 161
(S.D.N.Y. 2016) (quoting <u>Dalton v. Educ. Testing Serv.</u>, 87 N.Y.2d 384, 389 (1995)).  A claim
for breach of the covenant, however, "will be dismissed as redundant where the conduct
allegedly violating the implied covenant is a predicate also for a claim for breach of an express
provision of the contract."  <u>Nat'l Westminster Bank PLC v. Grant Prideco, Inc.</u>, 261 F. Supp. 2d
265, 274–75 (S.D.N.Y. 2003).

Wired makes the conclusory assertion that OmniMD acted in "bad faith" when it failed to
pay the license fees, [ECF No. 23 at 7], but it has put forth no evidence to support this statement
or to demonstrate that the conduct it relies on (*i.e.*, OmniMD's failure to pay the license fee)
differs from the predicate conduct for the breach of contract claim.  Wired's failure to produce
any evidence that would "demonstrate that [OmniMD] will be unable to carry its burden of
persuasion at trial" precludes summary judgment.  <u>Ocasio-Hernández</u>, 777 F.3d at 4–5 (internal
quotation marks and citation omitted).  Therefore, Wired's motion for summary judgment on
Count II is <u>DENIED</u>.

IV.      **CONCLUSION**

Accordingly, Wired's motion for partial summary judgment, [ECF No. 22], is <u>DENIED</u>.

The parties shall appear for a status conference before the Court on <u>March 23, 2022</u> at <u>10 a.m.</u>

**SO ORDERED.**

March 3, 2022                                      /s/ Allison D. Burroughs
                                                  ALLISON D. BURROUGHS
                                                  U.S. DISTRICT JUDGE